**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dennis Albert ROLLINS, Junior N.**
**Enfinger, and John D. Thomas,**
**Defendants-Appellants.**

No. 82–7159.

United States Court of Appeals,
Eleventh Circuit.

March 3, 1983.

Baxley, Beck & Dillard, George Beck, Montgomery, Ala., for Rollins.

Herring & Bennett, J.R. Herring, Dothan, Ala., for Enfinger.

C. Delaine Mountain, Tuscaloosa, Ala., for Thomas.

Charles R. Niven, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before HILL and ANDERSON, Circuit Judges, and LYNNE *, District Judge.

JAMES C. HILL, Circuit Judge:

On February 23, 1982, appellants Dennis Rollins, Junior N. Enfinger and John D. Thomas were indicted for conspiracy to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. Appellants Rollins and Thomas were indicted in an additional count for knowingly, intentionally and unlawfully possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). In a separate count, appellant Enfinger was also indicted for knowingly possessing cocaine with the intent to distribute. Each appellant pled not guilty and subsequently filed motions to suppress the evidence based on alleged violations of their fourth amendment rights involving search and seizure. Following a suppression hearing, all motions were denied. Appellants then withdrew their motions for a jury trial and the case was submitted to the trial judge on an oral stipulation of facts. The court found each appellant guilty on all counts charged in the indictment. Appellants subsequently filed timely notices of appeal.

## FACTS

On January 26, 1982, Lt. Bradford, an agent for the Alabama Department of Public Safety, Narcotics Division, received a call from an unnamed law enforcement officer who related a tip from an unnamed informant. The tip included the following information: On January 26, 1982, a blue and white Piper Warrior, Tail No. 30361 would be on the ground in Panama City but would leave and fly to Dothan or some other point in Alabama. There would probably be two occupants in the plane, one of whom would be named Thomas. The plane would be carrying approximately one pound of cocaine. The unnamed law enforcement officer told Lt. Bradford that the source of this information was an informant who had provided reliable information in the past.

Early in the afternoon of January 26, 1982, Lt. Bradford called officer Rhegness in Montgomery, Alabama, relaying the informant's tip and dispatching the officer, by plane, to Panama City to establish surveillance. Officer Rhegness and two other officers found the described plane unoccupied, in Panama City. At approximately 4:30 p.m., one of the officers observed two men (later identified as appellants Rollins and Thomas) exit a late model Chevrolet and board the plane. One of the officers took down the license tag number of the car to identify the owner. The plane took off and first headed north, then turned east, then dropped altitude and proceeded north again, heading toward Dothan. Officer Rhegness and the other officers took off in their plane to follow. While enroute, Lt. Bradford notified the appropriate authorities including an Officer White, of the potential drug deal in Dothan.

The car the two subjects had driven to the Panama City airport was registered to All-American Car Rentals, who had previously sold the car to J.C. Elmore. Officer White informed Lt. Bradford that he previously had been involved in a narcotics investigation in which J.C. Elmore, Jr., was a suspect and that Elmore, Jr., was a convicted marijuana trafficker. Lt. Bradford then requested Officer White to set up a ground surveillance at the Dothan Airport.

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

The Piper Warrior landed and taxied to a stop about fifty yards from where Officer White and other agents were parked. Officer White observed the two suspects leave the plane carrying a brown satchel case and a paper bag. The suspects walked over and entered an unoccupied 1975 Ford. A few minutes later a man, recognized by Officer White as Junior Enfinger, walked from a nearby office building and entered the same car. Officer White recognized Enfinger because he was a convicted drug trafficker. The three parties remained in the car for approximately 15 minutes. The two men from the plane then left the car and returned to the plane. Enfinger drove away in the car, followed by a police car. The other two suspects boarded the plane and prepared for flight. At this point Officer Rhegness and others approached the plane, identified themselves and requested the suspects to deplane. Following standard procedure, Officer Rhegness then crawled up onto the wing to see if there were any other suspects in the plane. While he was looking through the window, he noticed an open paper bag on the floor behind the back seat. Officer Rhegness observed a plastic bag the size of a baseball containing a white powder which he suspected was cocaine inside the paper bag. He then entered the plane to get a closer look at the contents of the paper thereby satisfying himself that the bag did, in fact, contain cocaine.

During this time period, the other officers followed Enfinger and stopped Enfinger's car. The officers requested Enfinger to exit the vehicle, informed him that he was a suspect in a possible drug transaction and read him his *Miranda* rights. The officers returned with Enfinger to the plane and all three suspects were arrested and read their rights.

Officer Rhegness proceeded to get a search warrant to search the remainder of the plane. Enfinger's car was driven to the police station and locked up. While the car was at the jail, Deputy Grant checked the car to ascertain its vehicle identification number in order to prepare a search warrant affidavit. While checking the dashboard for the ID number, the deputy saw a clear package containing a white substance on the floorboard. The Deputy included this information in the affidavit and subsequently obtained a search warrant. It was discovered that the bag in the car did contain cocaine.

## I.

Appellants Rollins and Thomas contend that the warrantless search of the plane violated their fourth amendment rights. On appeal, they seek reversal of the trial court's denial of their motions to suppress the evidence found on the plane.

### (a) Probable Cause to Arrest

A warrantless search of an airplane must be predicated on probable cause. The general standard to establish probable cause is if the facts and circumstances known to the arresting official are sufficient to warrant a person of reasonable caution to have a belief that a suspect has committed a crime. *United States v. Long*, 674 F.2d 848 (11th Cir.1982); *United States v. McCulley*, 673 F.2d 346 (11th Cir.1982).

After reviewing the entire record[1] we conclude that the information contained in the informant's tip combined with subsequent verification of that information, the erratic flight path and altitude changes of the plane, the recognition of one of the suspects as being a known drug trafficker and the identification of the car owner as a known drug trafficker, provided sufficient information to create a showing of probable cause to arrest. Appellants argue, however, that the tip was unsupported by any indicia of the informant's reliability. It is true that the name of the informant and the law officer who passed the tip to Lt. Bradford were never exposed at trial.

---

1. Included in the record was a video tape of the officers search of the plane after they obtained a warrant. The Court has reviewed this tape and we found no merit to appellant's suggestion that the paper bag containing the cocaine was closed. Rather, the tape suggests that the bag was open, thereby corroborating Officer Rhegness' testimony that the bag was open and the cocaine was in plain view when he looked through the window of the plane.

However, albeit hearsay, Lt. Bradford testified that the law enforcement officer stated to him that this informant had been known to provide reliable information in the past.

The standard for establishing probable cause based on the hearsay evidence of an informant's tip is most clearly found in two Supreme Court cases. In *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Court established a two prong test which must be met when probable cause is based upon information provided by an unidentified informant:

> The magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was "credible" or his information "reliable."

*Id.* at 112, 84 S.Ct. at 1512. However, five years later the Court held, in *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969),

> [i]n the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip described the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.

*Id.* at 416, 89 S.Ct. at 589. In this instance, the tip, in and of itself, was not sufficient to establish probable cause. However, the information in the tip was sufficiently detailed to alert suspicion. Lt. Bradford dispatched the agents to verify the information given. Not only was all the information verified by independent investigation, but further information was also gathered. The officers knew, that the car driven to the Panama City airport by appellants Thomas and Rollins was owned by a known drug trafficker. Officer White recognized appellant Enfinger as being a drug traffick-

er. Finally, Officer Rhegness observed the unusual and furtive movements of appellants' plane after take off from Panama City. Its movements were inappropriate to a flight from point of departure to destination but were indicative of a desire to mislead an observer as to the plane's destination.

The Supreme Court in *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), recognized the principle that probable cause may be established based upon an informant's tip if there is sufficient corroboration of the details of the tip as to insure reliability. The Fifth Circuit, in *United States v. Horton,* 488 F.2d 374 (5th Cir.1973), presented an analogous situation to the case at bar. In *Horton,* an anonymous tip indicating that two men would be in a car carrying heroin was reported to a police officer. The police verified the information in the tip and discovered, along the way, further information. The court, in upholding a finding of probable cause stated:

> In addition to the investigating officer's observations that corroborated the specific details of the informer's report, the customs agents observed other circumstances indicating possible criminal conduct. During the surveillance previously described, the agents observed that the suspects were simply not conducting themselves in the manner of typical tourists or businessmen.

*Id.* at 379.

Although it is clear that an uncorroborated anonymous tip is not sufficient to establish probable cause, nevertheless when, as in this case, the information is sufficiently detailed as to remove suspicion of rumor or revenge; and that information is verified through independent investigation; and the cumulative effect of *all* information gathered meets the standard set forth in *Aguilar,* probable cause is established. Based upon all the evidence gathered in this case, we conclude there existed sufficient information to establish probable cause.[2]

---

2. Appellant Enfinger suggests that the search,

with a warrant, of his car was not valid due to

**(b) The Search of the Plane**

Appellants assert that even if probable cause existed, the warrantless search of the plane still violated the fourth amendment because the search was beyond that which is permitted as a search incident to an arrest. Appellants further contend that the search was not valid under the automobile exception.

 Because the search was based on a legal arrest supported by probable cause, as articulated in Part I (a) *supra,* we conclude that the search was within the bounds of both "search incident to an arrest" and the "automobile exception." *See United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Although these cases may involve automobiles rather than airplanes this court can see no difference between the exigent circumstances of a car and an airplane. Further, this circuit has previously expanded the automobile exception to include airplanes in the unpublished opinion of the *United States v. Olson,* 670 F.2d 185 (11th Cir.1982).

**II.**

Appellants also contend that the trial court erroneously denied their motion to require the Government to disclose the name of the officer who gave Lt. Bradford the information which led to their arrests. This court has concluded that the informant's tip was reliable and that there was sufficient corroboration to establish the credibility of the information.

The Supreme Court in *Aguilar v. Texas,* made it clear that an informant's identity does not have to be established. This circuit has also recognized that where the informant is not involved in the transaction, his or her identity need not be disclosed. *United States v. Drew,* 436 F.2d 529 (5th Cir.1970). Releasing the name of law enforcement officer who received the tip would serve no purpose other than possibly to lead to the discovery of the informant's identity.

**III.**

Appellant Rollins contends his conviction can not be sustained due to insufficient evidence because he was only a passenger in the plane. The Government introduced evidence showing that Rollins' fingerprints were found on a box labeled "Snow Toker Free Base Kit." His prints were also inside the bag of cocaine which was found on the plane, as well as on a set of scales. Moreover, there was evidence showing that the cocaine found in appellant Enfinger's car was part of the same batch of cocaine found on the plane. There was ample evidence to support Rollins' conviction.

Because we find no error by the district court, we

AFFIRM.

---

a lack of probable cause to arrest. Because we conclude that probable cause did exist, Enfing-

er's argument is without merit.