George D. HARRIS,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 84–3637
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 26, 1985.

Ronald W. Johnson, Carlton P. Maddox and William Dean Barrow, Jacksonville, Fla., for petitioner-appellant.

Samuel A. Alter, Asst. U.S. Atty., Pensacola, Fla., Glenn L. Archer, Jr., Michael L. Paup, Robert E. Lindsay and Alan Hechtkopf, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before HILL, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

In 1983 the petitioner, George Harris, was indicted on four charges of willful income tax evasion in violation of 26 U.S.C. § 7201. On August 3, 1983, pursuant to a plea agreement, the petitioner pled guilty before the Honorable Winston E. Arnow to count III of the indictment and information charging a willful failure to pay income tax for the years 1972 and 1973. On September 21, 1983, the district court sentenced the petitioner to consecutive terms of imprisonment aggregating six years and fines aggregating $20,000. In addition, the tax deficiency was to be paid.

In January, 1984, the petitioner moved for reduction of sentence under Rule 35, Fed.R.Crim.P. That motion was denied by the district court and the petitioner did not appeal that denial. In May, 1984, petitioner moved under 28 U.S.C. § 2255 to vacate his sentence. An evidentiary hearing was requested in support of this motion. The magistrate to whom this motion had been referred issued a report and recommendation determining that the movant's claims lacked merit and that an evidentiary hearing was unnecessary. The district court, adopting this report and recommendation by reference, denied the motion. This appeal followed.

The petitioner presents three grounds in support of his motion to vacate sentence. He argues, first, that the waiver, by entry of a guilty plea, of his constitutional right to an adjudication of guilt was ineffective because he was never advised of the parole guidelines applicable to his plea of guilty and, consequently, of the parole consequences of his plea bargain. Petitioner also argues that he received ineffective assistance of counsel because counsel informed him the maximum time in custody would be two years and the actual time in custody was subsequently set at a minimum of 40 months. Finally, petitioner argues that the trial court misled him to

believe that he was a candidate for probation through remarks made during the plea bargaining process.

■ We agree with the district court and with the federal magistrate that the petitioner's assertion he was not advised of the parole consequences of his guilty plea is untenable in light of the record. The petitioner was provided a copy of his presentence report. He was provided adequate time to peruse that report. The presentence report provided:

In this case, *ESTIMATES* of possible Parole Commission findings indicate:

*Salient Factor Score: 10*

*Offense Severity Rating: Category 6*

If a commitment is ordered, Parole Commission guidelines, if *NOT* restrained by provisions of 18 U.S.C. 4205(a), suggest that he is likely to serve between *40* and *52* months before being released on parole.

Presentence Report at 25. Additionally, the petitioner's counsel, with the petitioner present, made the following statement at the sentencing hearing:

I have reviewed in the presentence the statistical analysis of dispositions of cases involving the charge on which Mr. Harris is before the court. Those seem to reflect that in a substantial majority of the cases a probationary sentence is imposed. In approximately one-fifth of the cases is imprisonment the alternative selected by the court. Because of the consequences of incarceration which the presentence report indicates that the salient factor and severity rating would indicate, should the court sentence Mr. Harris to incarceration, a time before parole release of some 40 to 52 months.

Sentencing Transcript at 28–30.

As summarized by the magistrate,

the record before this court adequately demonstrates that not only did the movant have an opportunity to examine the probation office's written evaluation of the impact of the parole guidelines on his particular case as it was disclosed to him in the presentence investigative report, but also the movant stood by his attorney in open court as Mr. Dewrell discussed on the record the presentence report's indication that the parole guidelines called for 40–52 months of incarceration before release.

Magistrates Report and Recommendation at 29–30, ROA at 219. On this basis, we hold that the petitioner's initial argument that he was not advised of parole consequences is without merit.

■ Addressing petitioner's second claim, we note at the outset that this circuit has not answered the question whether or under what circumstances a lawyer's prediction of parole consequences may give rise to an ineffectiveness claim. *See United States v. Restrepo*, No. 83–5761 (11th Cir. April 16, 1985) (unpublished opinion).[1]

---

1. *Restrepo* involved analogous facts. In that case the appellant's trial counsel advised this court that counsel had seriously misinformed the appellant concerning the parole consequences of his guilty plea. Because of this misinformation, the appellant was allegedly misled about the length of the sentence he would serve as a consequence of a guilty plea. The appellant argued that his guilty plea was involuntary because it was entered in reliance upon ineffective assistance of counsel and that the consequence of this ineffective assistance was serious prejudice. On this basis the appellant sought to withdraw a plea of guilty in the case. We held that, because the appellant clearly understood the potential consequences of his guilty plea, the fact that trial counsel erroneously predicted the time actually to be served under a sentence imposed on that plea did not render the plea involuntary; the district court did not abuse its discretion in disallowing withdrawal of the plea.

*Restrepo*, also contained the following footnote:

We need not address the issue whether a lawyer's advice to his client can ever constitute ineffective assistance of counsel in a guilty plea context. We recognize that other jurisdictions have found ineffective assistance of counsel based upon grossly mistaken advice concerning parole eligibility. *See Little v. Allsbrook*, 731 F.2d 238 (4th Cir.1984); *O'Tuel v. Osborne*, 706 F.2d 498 (4th Cir.1983); *Strader v. Garrison*, 611 F.2d 61 (4th Cir. 1979). We expressly decline to decide that issue. We hold only that under the circumstances of this case, including the proffer of the erroneous prediction concerning parole consequences, the district court did not abuse

Here we do not reach that question because petitioner's counsel correctly recited potential parole consequences in the petitioner's presence and on the record. Manifestly the petitioner was, or had ample opportunity to be aware of these consequences. The ineffectiveness claim is without merit.

 Finally, the petitioner alleges that he was misled by certain remarks made by the trial judge during the plea bargaining process. This claim borders on the frivolous. While Judge Arnow commented prior to becoming familiar with the case that first offender tax violators generally start from the position of probation candidates, he repeatedly rejected any limitations upon his discretion in sentencing. There was simply no basis for any reasonable understanding on the part of the petitioner that, should he plead guilty, he would receive a probated sentence. We find this ground, too, without merit.

The judgment of the district court is AFFIRMED.

its discretion in refusing to allow withdrawal of the guilty pleas.

*Restrepo,* Manuscript at 3. In our view, *Restrepo,* because the provision of misadvice concerning parole eligibility was unquestioned in that case, presented a much more compelling case than does the appellant. Unpublished opinions

are binding precedent. *United States v. Rollins,* 699 F.2d 530, 534 (11th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983); *Howell v. Schweiker,* 699 F.2d 524, 526–27 (11th Cir.1983). Accordingly, *Restrepo* militates against a different result on the facts before us here.