**Henry Edsel HOLMES, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 88–8555.

United States Court of Appeals, Eleventh Circuit.

July 12, 1989.

John W. Stokes, Lawrenceville, Ga., for petitioner-appellant.

Wilmer Parker, III, Atlanta, Ga., for respondent-appellee.

Before KRAVITCH and COX, Circuit Judges, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

Henry Edsel Holmes was convicted of engaging in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. Sec. 848, and filing of a false income tax return, in violation of 26 U.S.C. Sec. 7206(1), after pleading guilty to these offenses. In this appeal, Holmes complains that the trial court failed to inform him of the mandatory minimum sentence and the unavailability of parole under the CCE statute, contrary to the letter of Rule 11, Federal Rules of Criminal Procedure, and contends that he was denied effective assistance of counsel because his attorney misinformed him that he would be eligible for parole under the plea agreement. We reverse and remand the lower court's order denying appellant's ineffective assistance of counsel claim, and otherwise affirm.

## BACKGROUND

In 1986, the appellant, Henry Edsel Holmes, was charged by superseding indictment with numerous narcotic and tax

violations. Holmes initially pleaded not guilty to these criminal charges. On the day of his trial, appellant pleaded guilty before United States District Judge Robert H. Hall, Northern District of Georgia, to two counts of a multi-count indictment: Count Four, which charged participation in a continuing criminal enterprise, and Count Twenty–Seven, which charged filing of a false income tax return. The plea was the result of a negotiated plea agreement.[1]

At his Rule 11 hearing, Holmes acknowledged that he managed and supervised five or more individuals in a continuing criminal enterprise involving the smuggling of large quantities of cocaine. Appellant also acknowledged that he received substantial income from his smuggling activities and therefore filed a false and fraudulent tax return for 1984 which he signed under penalties of perjury. The plea agreement stated, and Holmes acknowledged in open court, that Count Four carried the possible maximum sentence of life without parole. During the plea proceedings, however, the trial court did not advise appellant of the minimum sentence under the continuing criminal enterprise statute of ten years without parole. Pursuant to the negotiated plea agreement, the government recommended to the court that a "substantial" sentence should be imposed on Count Four not to exceed twenty-two (22) years.

On April 22, 1984, appellant was sentenced to twenty-two years imprisonment on Count Four and three years imprisonment on County Twenty–Seven, together with a $1,000 fine. The sentence on Count Twenty–Seven was to run concurrent with the sentence on Count Four. On motion of the government, the court dismissed the remaining counts. No direct appeal of the sentence was taken by the appellant.

On March 4, 1988, Holmes petitioned the lower court pursuant to 28 U.S.C. Sec. 2255 to vacate and set aside his sentence. By order of June 2, 1988, the district court denied Holmes' petition. Notice of appeal to this court was filed on July 27, 1988. The appellant is presently serving the twenty-two year sentence imposed by the court.

Holmes argues on appeal that the lower court erred in denying his collateral attack on his sentence. Specifically, appellant alleges that his plea of guilty was not made voluntarily and with the understanding of the consequences because the lower court failed to inform him of the mandatory minimum sentence and the non-parole feature of the continuing criminal enterprise statute, 21 U.S.C. Sec. 848,[2] contrary to the requirements of Rule 11, Fed.R.Crim.P. Furthermore, appellant argues that he was provided ineffective assistance of counsel because his attorney misinformed him of

---

1. Under the terms of the negotiated plea agreement, in exchange for Holmes pleading guilty to the two named counts, the government would recommend sentences totaling not over 22 years, and would dismiss the remaining counts of the indictment and of an indictment pending in another district. Holmes also agreed to execute consent orders thereby allowing all seized property to be forfeited in the various collateral civil actions pending in the district court as he admitted that the property was acquired illegally through his narcotic activities. Appellant argued at the lower court in his section 2255 motion that his guilty plea was unlawfully induced by an alleged promise, purportedly breached by the government, to return seized property to him. The district court found the allegation to be without merit and the appellant has apparently abandoned this contention on appeal.

2. In its sentencing provision, the continuing criminal enterprise statute, 21 U.S.C. Sec. 848, provides:

(a) Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than ten years and which may be up to life imprisonment ...

  *  *  *  *  *  *

(e) In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, and Section 4202 of the Title 18 and the Act of July 15, 1932 (D.C. Code, secs. 24–203 to 24–207), shall not apply. Section 4202 of Title 18 contains the language establishing the U.S. Parole Commission, followed by its powers and duties. There are no exceptions to the non-parole provisions of Section 848, or similar statutes. *Johnson v. Williford*, 682 F.2d 868, 870 (9th Cir.1982); *see Warden v. Marrero*, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974).

his parole eligibility under the CCE statute. Appellant contends that he would not have pleaded guilty and would have insisted on going to trial had he been correctly advised by his attorney or the court. According to appellant, these errors have resulted in a miscarriage of justice and constitute a violation of his rights sufficient to set aside the guilty plea.

## DISCUSSION

### 1. *Alleged Rule 11 Violations of Court*

Appellant's first contention is that his plea agreement must be set aside because the lower court did not comply with the letter of Rule 11, Fed.R.Crim.P. Rule 11 governs pleas and provides that a court, before accepting a plea of guilty, must determine that a defendant personally understands "the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term...." Fed.R.Crim.P. 11(c). When accepting a guilty plea, a district court must address three core concerns which underlie Rule 11: "(1) the guilty plea must be free of coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know the consequences of his plea." *United States v. Bell,* 776 F.2d 965, 968 (11th Cir.1985).

The focus of Holmes' contention is on the court's failure to address the latter core concern—the defendant's knowledge of the consequences of his plea. Rule 11 does not require a sentencing court to inform a defendant of every possible consequence of his plea. This court has previously held that Rule 11, which establishes a procedure designed to insure that a guilty plea is entered voluntarily, requires only that the court inform a defendant of the direct consequences of a guilty plea; the court need not explain the possible collateral consequences of a guilty plea. *United States v. Campbell,* 778 F.2d 764, 766–67 (11th Cir. 1985); *See United States v. Russell,* 686 F.2d 35, 38–39 (D.C.Cir.1982); *United States v. Romero–Vilca,* 850 F.2d 177, 179 (3d Cir.1988).

■ In *Trujillo v. United States,* 377 F.2d 266, 268 (5th Cir.), *cert. denied,* 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967), the former Fifth Circuit held that a district court is not required to inform a defendant of his ineligibility for parole before accepting a guilty plea. The court reasoned that since eligibility for parole is a matter of legislative grace, then ineligibility for parole "is not a 'consequence' of a plea of guilty ..., rather, it is a consequence of the withholding of legislative grace." Id. at 269 (quoting *Smith v. United States,* 324 F.2d 436, 441 (D.C.Cir.1963). Neither the former Fifth Circuit nor the Eleventh Circuit has reversed the holding in *Trujillo.*[3] Thus, the ruling remains binding precedent on this court.

The Supreme Court has recently made clear that a trial court's failure to inform the defendant of his parole eligibility is not a basis for invalidating a guilty plea on voluntariness grounds. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).[4] In *Hill,* the Supreme Court af-

---

**3.** Although that opinion was later limited to its facts by the Fifth Circuit in *Spradley v. United States,* 421 F.2d 1043 (5th Cir.1970), subsequent panels of the former Fifth Circuit followed and applied *Trujillo* as binding precedent. *See, e.g., United States v. Farias,* 459 F.2d 738 (5th Cir. 1972); *Johnson v. Dees,* 581 F.2d 1166 (5th Cir. 1978); *United States v. Garcia,* 636 F.2d 122 (5th Cir. Unit A 1981). We also note that in *Spradley,* the former Fifth Circuit reversed a judgment of the trial court refusing to vacate a sentence based on a guilty plea where the court had erroneously informed the defendant, at the time of his sentencing, that he would be eligible for parole after a particular period. 421 F.2d at 1046. In this case, as in *Trujillo,* the trial court

failed to give any information, as opposed to misinformation, to the defendant about his ineligibility for parole.

**4.** As the Supreme Court recognized:

We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in the federal courts. See Fed.Rule Crim.Proc. 11(c); Advisory Committee's Notes on 1974 Amendment to Fed.Rule Crim.Proc. 11, 18

firmed an Eighth Circuit decision holding that parole eligibility is a collateral rather than a direct consequence of a guilty plea, of which a defendant need not be informed before pleading guilty. *Hill v. Lockhart,* 731 F.2d 568 (8th Cir.1984), *aff'd,* 764 F.2d 1279 (1984) (*en banc*), *aff'd,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). We conclude that the district court properly found that the requirements of Rule 11 do not encompass the court's failure to inform a defendant of his ineligibility for parole since parole eligibility is a collateral rather than a direct consequence of a guilty plea.[5]

■ Although parole eligibility is a collateral consequence of a guilty plea under Rule 11, the imposed sentence is a direct consequence. The record is clear that before accepting his guilty plea, the court asked Holmes if he knew what the maximum sentence could be for his conviction under the continuing criminal enterprise statute. Holmes responded that he could get "life without parole." The court did not, however, inform Holmes of the mandatory minimum penalty under the law. Appellant argues that his guilty plea should be set aside because the lower court failed to advise him of the mandatory minimum sentence, in violation of Rule 11, Fed.R. Crim.P.

Our analysis of Holmes' argument begins by recognizing that this case involves a collateral attack on appellant's sentence based on a Rule 11 violation. Collateral relief under section 2255 is not available to a defendant who can show only a court's failure to comply with the formal requirements of Rule 11. *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979). In an *en banc* decision, the former Fifth Circuit held:

[W]hen a collateral attack is made on a guilty plea for failure of the district court to literally comply with new Rule 11, the defendant must show prejudice in order to qualify for a section 2255 relief. In the absence of a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken.

*Keel v. United States,* 585 F.2d 110, 113 (5th Cir.1978).

This court in *Lilly v. United States,* 792 F.2d 1541 (11th Cir.1986), specifically adopted the rule enunciated in *Keel.* In *Lilly,* the court affirmed a district court's denial of relief under section 2255 where the district court's formal violation of Rule 11 "did not result in a miscarriage of justice or a proceeding inconsistent with the rudimentary demands of fair procedure." 792 F.2d at 1544. Accordingly, we held that collateral relief under section 2255 was not available to a defendant who has not shown that he was prejudiced by the district court's failure to literally comply with Rule 11. *Id.; see Timmreck,* 441 U.S. at 783–85, 99 S.Ct. at 2087–88.

In the present case, the government concedes that the appellant was not advised of the minimum ten-year sentence which must be imposed for a CCE conviction, contrary to the requirements of Rule 11, Fed.R. Crim.P. The court found, however, that its failure to ask Holmes if he was aware of the minimum mandatory sentence for a conviction of engaging in a continuing criminal enterprise "was no more than a failure of the court to literally comply with Rule 11." The court concluded that

---

U.S.C.App., p. 223 [USCS Court Rules, Fed. Rules Crim.Proc., Rule 11(c) Note] (federal courts generally are not required to inform defendant about parole eligibility before accepting guilty plea).
*Hill,* 474 U.S. at 56, 106 S.Ct. at 369, 88 L.Ed.2d at 208.

**5.** Although the trial court that accepts the guilty plea is not obligated to inform the defendant of the parole consequence of the plea, neverthe-

less, under Fed.R.Crim.P. 32(d), if a trial court provides the defendant information regarding parole eligibility that is materially incorrect, the defendant may be entitled to withdraw his plea on voluntariness grounds at the sound discretion of the trial court. *Czere v. Butler,* 833 F.2d 59, 63 n. 6 (5th Cir.1987) (citing *Spradley v. United States,* 421 F.2d 1043 (5th Cir.1970)); *see United States v. Russell,* 686 F.2d 35, 39 (D.C.Cir. 1982).

Holmes failed to show that the single technical violation of Rule 11 resulted in a "miscarriage of justice" or prejudiced him.

A review of the written plea agreement clearly reflects that appellant knew he would likely be sentenced to a substantial term of imprisonment in excess of minimum mandatory sentence of ten years. Paragraph "1" of the plea agreement recited the maximum penalties for Counts Four and Twenty–Seven, including the fact that the maximum CCE sentence was "life without parole." Paragraph "3" "a" of the agreement further informed Holmes that the government would argue at sentencing for "... a substantial period of incarceration [to] be imposed not to exceed twenty-two (22) years in the continuing criminal enterprise violation." The same paragraph fully advised Holmes that sentencing is "exclusively left to the discretion of the court who could reject the government's recommendation and impose the maximum sentence of life without parole." Finally, as recited in Paragraph "5" of the plea agreement, the appellant was informed of the constitutional rights which he would waive by pleading guilty.

Before accepting his guilty plea, the district court engaged in a Rule 11 colloquy with Holmes whereby the court satisfied itself that Holmes understood the nature of the charges to which he offered his guilty plea and that he entered his plea free from coercion. Moreover, the trial court learned from Holmes personally that he had discussed his plea agreement with his attorney, that he understood the terms of the agreement and voluntarily entered into the agreement, and that he understood that if he entered a guilty plea he would waive both his rights to a trial and the many rights incumbent on a trial. Holmes signed the plea agreement and acknowledged under oath that he understood that sentencing was left to the discretion of the trial court. Acting upon the recommendation of the government, the district court sentenced the appellant to twenty-two years on the continuing criminal enterprise conviction.

In light of Holmes' awareness that the government would argue for a substantial period of incarceration not exceeding twenty-two years, and that the trial court had absolute discretion to impose the maximum sentence of life without parole, we conclude that the district court did not err in denying appellant's section 2255 motion on the grounds that the court did not advise him of the minimum sentence under the CCE statute. In reaching this conclusion, we agree with the lower court that "Holmes has not shown that the single technical Rule 11 failure by this court was 'unconstitutional, so fundamentally defective as to result in a complete miscarriage of justice, or inconsistent with rudimentary demands of fair procedure.' *Keel*, 585 F.2d at 114."

### 2. *Ineffective Assistance of Counsel Claim*

Holmes' second argument is predicated on a claim of ineffective assistance of counsel. Appellant argues that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment because his attorney misinformed him that he would be eligible for parole under the CCE statute. Specifically, appellant avers that his counsel not only failed to tell him that any sentence under the CCE statute would be non-parolable, but affirmatively misinformed him that he would be paroled in seven years and four months, after serving one-third of his sentence. Holmes contends that, because of his advanced age, he would not have pleaded guilty to the CCE charge and would have insisted on going to trial had his counsel correctly informed him of his parole ineligibility. According to this argument, the erroneous advice by his attorney constitutes ineffective assistance of counsel which warrants this court to set aside the plea and sentence.

In support of his argument, Holmes cites a Fourth Circuit decision wherein the court held that, although parole eligibility is a collateral consequences of a guilty plea of which a defendant need not be informed if he does not inquire, a defendant is deprived of his constitutional right to counsel when his attorney grossly misinforms him of his parole eligibility and he relies upon that

erroneous advice in deciding to enter a guilty plea. *Strader v. Garrison*, 611 F.2d 61 (4th Cir.1979); *see O'Tuel v. Osborne*, 706 F.2d 498 (4th Cir.1983). In the present case, the district court properly noted that, unlike the Fourth Circuit, the Eleventh Circuit "has not answered the question whether or under what circumstances a lawyer's prediction of parole consequences may give rise to an ineffectiveness claim." *Harris v. United States*, 769 F.2d 718 (11th Cir.1985). On two occasions, the Eleventh Circuit has had the opportunity but declined to reach the question. In both cases, the court found that on the facts of the cases the defendants' ineffectiveness claim was without merit.

In *Harris*, the Eleventh Circuit held that the ineffectiveness of counsel claim was without merit where the defendant "was, or had ample opportunity to be aware of" the potential parole consequences of his entering a guilty plea. 769 F.2d at 721. In the other case, the Eleventh Circuit found that the defendant clearly understood the potential consequences of his guilty plea and therefore his attorney's erroneous predictions of the time to be served under a sentence imposed on the plea did not render the plea involuntary. *United States v. Restrepo*, No. 83–5761 (11th Cir. April 16, 1985) (unpublished opinion). Based on these two decisions, the district court found that Holmes was not deprived effective assistance of counsel because "Holmes understood or at least had ample opportunity to be aware of the potential sentencing consequences of his entering a guilty plea."

Subsequent to the Eleventh Circuit decisions in *Harris* and *Restrepo*, the Supreme Court addressed the interrelationship of in-

effective assistance claims and guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In *Hill*, a state prisoner filed a federal habeas corpus petition alleging that his guilty plea was involuntary because of ineffective assistance of counsel. The petitioner in *Hill* based his claim upon his counsel's affirmative misrepresentation as to what portion of an imposed sentence he would be required to serve before becoming eligible for release on parole.[6] The Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. at 58, 106 S.Ct. at 370. To satisfy this test, petitioner must show not only "that counsel's representations fell below an objective standard of reasonableness," *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also that he was prejudiced by counsel's unprofessional errors. *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068. In order to satisfy the second or "prejudice" requirement in the context of a guilty plea, the Supreme Court emphasized that "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210. After establishing the standard, the Supreme Court found that the district court did not err in declining to hold an evidentiary hearing on the prisoner's ineffective assistance of counsel claim, since he did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial.[7]

---

**6.** The petitioner alleged that counsel had advised him that he would be required to serve one-third of any sentence imposed before qualifying for release on parole when, in fact, he was required to serve one-half of the imposed sentence. The appeals court in *Hill* concluded that this erroneous prediction did not involve the "gross misinformation" found in *Strader* and *O'Tuel, supra*. The court noted that "*Strader* and *O'Tuel* do not define 'gross misinformation,' but as is evident involve major miscalculation in the years. It is this miscalculation in years that is material to the individual in question rather

than the reason for the miscalculation." *Hill*, 731 F.2d at 571 n. 4.

**7.** The Supreme Court in *Hill* noted in finding that appellant's allegations were insufficient to satisfy the "prejudice" requirement that "[h]e alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty." 474 U.S. at 60, 106 S.Ct. at 371, 88 L.Ed.2d at 211. Most courts have held that a defendant's mere allegation of prejudice is insufficient to overcome the barrier

The Supreme Court in *Hill* specifically refused to address the issue of what constitutes a deficient performance by counsel in guilty plea cases. Although we, too, leave open the issue of what circumstances may exist under which erroneous advice as to eligibility for parole may be deemed constitutionally ineffective assistance of counsel, we are persuaded by the reasoning of the Fourth Circuit:

> If the effective assistance of counsel might have produced an acquittal, a conviction at the conclusion of a trial upon a plea of not guilty will be vacated if the defense lawyer's performance was below the range of competence expected of lawyers in the conduct of criminal trials. There is no reason the same rule should not be applied when a guilty plea is induced by a lawyer's ignorance and misadvice to a client.... When the misadvice of the lawyer is so gross as to amount to a denial of the constitutional right to the effective assistance of counsel, leading the defendant to enter an improvident plea, striking the sentence and permitting a withdrawal of the plea seems only a necessary consequence of the deprivation of the right to counsel. Deprivation of the constitutional right cannot be left unredressed.

*Strader*, 611 F.2d at 64–65.[8]

Recently, this court applied the *Hill* standard in *Slicker v. Wainwright*, 809 F.2d 768 (11th Cir.1987). In *Slicker*, a habeas corpus petition was brought by a petitioner who had pleaded *nolo contendere* to drug trafficking and conspiracy charges in state court. The court held that to be entitled to an evidentiary hearing on issue of whether petitioner's lawyer incorrectly advised petitioner that the plea agreement had been negotiated which provided that he would serve less time than the maximum penalty, petitioner was required to establish that he would not have pleaded *nolo contendere* and would have insisted on going to trial had his lawyer not mislead him with faulty information. The court noted that where the issue is the substance of a communication between a defendant and his attorney, an evidentiary hearing may be necessary to resolve the issue. The court reversed and remanded the case to the district court with directions that the district court determine whether petitioner's pleading satisfies the *Hill v. Lockhart* standard. "If [petitioner] alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim. *McCoy v. Wainwright*, 804 F.2d 1196, 1199–1200 (11th Cir. 1986)." *Slicker*, 809 F.2d at 770.

The court below rejected, without an evidentiary hearing, the appellant's claim that he was denied effective assistance of counsel. It is the general rule in this circuit that ineffective assistance claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record. *Vick v. United States*, 730 F.2d 707, 708 (11th Cir.1984). Section 2255 provides that in an action to vacate or correct the sentence, the court shall grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and files and records

---

to an evidentiary hearing on a section 2255 motion. *See, e.g., Key v. United States*, 806 F.2d 133 (7th Cir.1986); *Bonvillain v. Blackburn*, 780 F.2d 1248 (5th Cir.1986); *Voytik v. United States*, 778 F.2d 1306 (8th Cir.1985). In the present case, Holmes contends that his age of 63 years at the time of his plea is a factor which indicates that "he would have risked trial, rather than agree to what likely amounts to a life sentence."

**8.** In adopting the reasoning of the *Strader* court, we recognize the distinction between failure to inform and giving misinformation:

> Even if the Sixth Amendment does not impose on counsel an affirmative obligation to inform clients of the parole consequence of their pleas, and we doubt that it does (at least absent some special factors), other courts have recognized a distinction between failure to inform and giving misinformation.... *See Strader v. Garrison*, 611 F.2d 61 (4th Cir.1979) (misinformation of parole consequences is ineffective assistance of counsel); *O'Tuel v. Osborne*, 706 F.2d 498 (4th Cir.1983); *Cepulonis v. Ponte*, 699 F.2d 573, 577 (1st Cir.1983) (commenting that counsel's "*mis*information [regarding parole eligibility] may be more vulnerable to constitutional challenge than mere lack of information.").

*Czere v. Butler*, 833 F.2d 59, 63 n. 6 (5th Cir. 1987).

of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255. *See Baker v. United States,* 781 F.2d 85, 92 (6th Cir.1986). As the former Fifth Circuit stated in *Guerra v. United States,* 588 F.2d 519 (5th Cir.1979), this rule does not require that the district court hold an evidentiary hearing every time a section 2255 petitioner simply asserts a claim of ineffective assistance of counsel: "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Id.* at 520–21.

In this case, the record does not conclusively show that the appellant is entitled to no relief on his ineffective assistance of counsel claim.[9] The district court, relying on language in *Harris,* 769 F.2d at 721, concluded that "Holmes understood or at least had ample opportunity to be aware of the potential sentencing consequences of his entering a guilty plea."[10] But if, as appellant alleges, his attorney grossly misinformed him of the parole consequences under the CCE statute, and the trial court failed to advise appellant of his ineligibility for parole, it is unclear from the record how Holmes had ample opportunity to be aware of the potential parole consequences of his guilty plea.

In denying appellant's claim, the district court did not address the applicability of the Supreme Court's decision in *Hill v. Lockhart.* In light of the *Hill* decision, we are compelled to reverse and remand this case in part to the district court with directions that the court determine whether Holmes' pleading satisfies the *Hill v. Lockhart* standard. If Holmes' allegations are sufficient to satisfy this threshold inquiry, then the district court should order an evidentiary hearing and rule on the merits of his claim. We emphasize that in order to prevail on the merits at an evidentiary hearing, appellant must prove that the claimed misinformation regarding parole consequences was given to him by his attorney; his counsel's performance fell below an objective standard of reasonableness; and he would not have pleaded guilty and would have insisted on going to trial had his attorney not misled him with the faulty information. In other words, Holmes must allege and prove sufficient "prejudice" due to his attorney's deficient performance. *See Slicker,* 809 F.2d at 770.

## CONCLUSION

For the reasons stated above, we reverse the district court's order denying appellant's section 2255 motion on the issue of whether Holmes was deprived effective assistance of counsel, and remand for further proceedings consistent with this opinion. In all other respects, the district court's

---

**9.** In support of his allegations that his attorney incorrectly informed him that he would be eligible for parole, Holmes submitted a handwritten letter sent to him by his attorney after sentencing in which the latter wrote: "enclosing judgment and commitment reflecting 22 years but *not* as a 'C.C.E.' sentence *without* parole." The district court found that the language of the letter could easily support a showing that Holmes' attorney had specifically discussed with him the non-parole feature of the continuing criminal enterprise statute as Holmes' contention that his attorney lead him to believe he could be paroled. Appellant also contends that the evidence, as provided in his affidavit, is "undisputed" in its showing that his attorney wrongfully advised him that his sentence would be subject to parole. The government responded in its brief that the district court properly discounted the appellant's affidavit as there existed many independent facts which undermined the credibility of Holmes, including inferences drawn from the language of the note and the fact that Holmes has in the past made false statements as evidenced by his plea of guilty to knowingly and willingly signing a false income tax return. We believe that these factual issues, including the question of Holmes' credibility, are best resolved in an evidentiary hearing.

**10.** We note that *Harris* is distinguishable from the present case. In *Harris,* the defendant's counsel correctly recited the potential parole consequences in the defendant's presence and on the record. The *Harris* court concluded that the defendant "was or had ample opportunity to be aware of" the potential parole consequences of his entering a guilty plea. 769 F.2d at 721. In this case, there is nothing in the record which affirmatively contradicts appellant's contention that he was grossly misinformed by his attorney about his parole eligibility.

order is affirmed. AFFIRMED in part, and REVERSED and REMANDED in part.