966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny Zane GRAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5136.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Danny Zane Gray requests counsel, in forma pauperis status, and transcripts in his appellate brief, and appeals the district court's order dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. Gray pled guilty to possession of firearms while committing a drug trafficking offense in violation of 18 U.S.C. § 924(c). He received a five year sentence. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his motion to vacate, Gray claimed that he was entrapped by federal agents and, as a result, charged with and subsequently convicted of a drug trafficking offense. He also claimed that he did not have access to firearms while committing the offense, thus, he did not commit a "drug trafficking crime" as defined by the relevant statute. The district court denied § 2255 relief, deciding that Gray entered a valid guilty plea, thus his attack on his conviction and sentence was frivolous.
 
 
 3
 On appeal, Gray argues that the district court judge failed to consider the grounds for relief cited in his § 2255 motion. Upon review, we conclude that the district court correctly denied the motion to vacate sentence as Gray has failed to demonstrate that his criminal proceedings were inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780 (1979).
 
 
 4
 Specifically, at the plea hearing, Gray stated that he was in full possession of his faculties and competent to plead guilty, and was not under the influence of narcotics, hallucinogens, or alcohol. He stated that he understood the nature of the charges to which he was pleading guilty, and the maximum penalties for each. He waived his constitutional rights to trial and other rights such as the right to confront and cross-examine witnesses against him, to require the government to prove his guilt beyond a reasonable doubt, and the right to remain silent. He was aware of the plea agreement and pled guilty voluntarily and knowledgeably.
 
 
 5
 The instant motion to vacate sentence is particularly unfounded as Gray did not claim that he was mislead during the process of pleading guilty. It is important to note that Gray declined to withdraw his guilty plea at the sentencing hearing held approximately nine months later. At sentencing, Gray merely stated that he "made a mistake" and asked the court to be lenient in sentencing him. In light of the record, the district court correctly decided that his guilt was established and acknowledged and that the present attack on his conviction was meritless.
 
 
 6
 Gray specifically argues that he was in an Oldsmobile Cutlass during the drug transaction. Because the guns were found in a Ford Bronco, Gray argues that he did not possess the guns. The recitation of facts at the guilty plea hearing shows that Gray came to the parking lot in the Bronco and then entered the Cutlass. His initial presence in the Bronco supports a finding of guilt on the weapons charge.
 
 
 7
 In addition, the district court properly decided Gray's § 2255 motion without holding a hearing. 28 U.S.C. § 2254 provides that no hearing is necessary when the motion, files and records of the case conclusively show that the prisoner is not entitled to relief. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir.1989). The fact that the judge denying relief under § 2255 was the same judge who accepted Gray's guilty plea and sentenced him further obviated any need for a hearing as the court was in a position to recall the facts and circumstances surrounding the plea after consulting the record. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 8
 For these reasons, we affirm the district court's dismissal of this motion. Rule 9(b)(3), Rules of the Sixth Circuit. The motions for transcript and in forma pauperis status are denied as moot; the motion for counsel is denied.