[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12114
Non-Argument Calendar

_____

D. C. Docket Nos. 06-02401-CV-ODE-1 & 03-00282 CR-ODE

TERRELL SAUNDERS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 27, 2008)**

Before ANDERSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Terrell Saunders, a counseled federal prisoner, appeals the denial of his motion to vacate, set aside or correct sentence, 28 U.S.C. § 2255. Saunders argues that he was entitled to an evidentiary hearing on his ineffective assistance of counsel claim because he alleged in his § 2255 motion that he was prejudiced by not accepting a plea offer, which led to a "substantially harsher" sentence, based on his trial counsel's miscalculation of the potential sentence he faced at trial. For the reasons set forth more fully below, we affirm.

A jury found Saunders guilty of: (1) possession with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (2) possession of a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). According to the presentence investigation report ("PSI"), Saunders had a total offense level of 16, pursuant to U.S.S.G. § 2D1.1(c)(12). However, because he was classified as a career offender, Saunders's offense level was 32, pursuant to U.S.S.G. § 4B1.1(a) and (b). Saunders was sentenced to consecutive terms of 168 months' imprisonment for the cocaine conviction, and 60 months' imprisonment for the firearm charge.

Saunders claimed in his § 2255 motion and accompanying memorandum that his attorney failed to discover one of his convictions that led to his career offender classification. Saunders stated that he had been advised by his trial

attorney that the drug guidelines were Level 16 at worst and the gun count carried a 60 month consecutive sentence with or without a trial. Saunders argued that his counsel "denied him the opportunity to knowingly accept or reject an offer by giving him incorrect advice about the sentencing ramifications." Saunders stated that, "[b]ut for this erroneous advice, [he] would have accepted a plea offer," and "[t]he erroneous advise of counsel at the plea negotiation stage clearly amounts to ineffective assistance of counsel." Further, Saunders was prejudiced by not accepting the government's plea offer because his trial "led to a substantially harsher sentence than would have been available under a plea agreement."

The district court denied Saunders's § 2255 motion. The court found that the factual record was sufficiently developed to render judgment and, therefore, no evidentiary hearing on Saunders's ineffective assistance of counsel claim was necessary. The court determined that Saunders's counsel was not ineffective for failing to discover Saunders's conviction, and Saunders could not demonstrate prejudice because he failed to present any information regarding what sentence he may have pled guilty to and provided no description of any plea offer.

We granted a COA on the following issue only:

Whether the district court erred in failing to hold an evidentiary hearing on appellant's claim that his trial counsel was ineffective for failing to investigate his criminal history and counsel him regarding career criminal status and accepting a government-offered plea deal?

3

We review the denial of an evidentiary hearing on a § 2255 motion for abuse of discretion.  Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002).  The scope of review is limited to the issues specified in the COA.  Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir.1998).

Pursuant to § 2255:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b) (emphasis added).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron, 291 F.3d at 714-15 (citations and internal quotation omitted).  "The law is clear that, in order to be entitled to an evidentiary hearing, a petitioner need only allege-not prove-reasonably specific, non-conclusory facts that, if true, would entitle him to relief."  Id. at 715 n.6 (emphasis in original).  "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted) (remanding for evidentiary hearing on ineffective assistance of counsel claim that

4

counsel failed to inform appellant of statutory parole consequences before entering a guilty plea because record did not conclusively show that appellant was entitled to no relief); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (holding that district court was not required to hold an evidentiary hearing based on § 2255 petitioner's mere conclusory allegations in his affidavit); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (stating that a 28 U.S.C. § 2254 petitioner is not entitled to an evidentiary hearing if his claims "are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible") (citations and internal quotations omitted).

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; Strickland v. Washington, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064-65. We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697, 104 S.Ct. at 2069.

To prove prejudice, "[t]he defendant must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Where a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (quotation and alterations omitted).

Saunders was not entitled to an evidentiary hearing on his ineffective assistance of counsel claim because he failed to allege facts that, if true, would entitle him to relief. Although in his § 2255 motion Saunders was not required to provide evidence to support his claims, by failing to disclose the details of his alleged plea offer, he has failed to allege "reasonably specific, non-conclusory facts" with respect to his claim such that there was a reasonable probability sufficient to undermine confidence in the outcome. Therefore, he failed to demonstrate that he suffered prejudice. Thus, based on the unsupported generalizations contained in his motion and accompanying brief, the record conclusively shows that Saunders was entitled to no relief, and, therefore, the district court was not required to conduct an evidentiary hearing on Saunders's

6

claim of ineffective assistance of counsel.

In light of the foregoing, the district court's denial of Saunders's § 2255 motion is

**AFFIRMED.**