[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12644

_____

D.C. Docket Nos. 1:15-cv-00349-KD-M; 1:13-cr-00112-KD-M-1


ADRIAN LACEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 13, 2019)

Before TJOFLAT, WILLIAM PRYOR, and GILMAN,* Circuit Judges.

GILMAN, Circuit Judge:

---

* Honorable Ronald L. Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

This appeal concerns the district court's decision to deny Adrian Lacey's motion under 28 U.S.C. § 2255 to set aside his sentence. Lacey pleaded guilty to conspiracy to commit income-tax fraud, wire fraud, and aggravated identity theft. The court sentenced him to 106 months of imprisonment.

Lacey argued in his § 2255 motion that he was subjected to ineffective assistance of counsel because he allegedly directed his attorney to file a notice of appeal following sentencing, but his attorney failed to do so. The district court denied Lacey's motion without conducting an evidentiary hearing. For the reasons set forth below, we affirm the judgment of the district court.

## I.    BACKGROUND

In a written Plea Agreement, Lacey stated that he was "mentally competent to understand this Plea Agreement" and that he "read this Plea Agreement and carefully reviewed every part of it with [his] attorney." As part of the Plea Agreement, Lacey "knowingly and voluntarily waive[d] the right to file a direct appeal or any collateral attack." But Lacey reserved the right to file a direct appeal of "any sentence imposed in excess of the statutory maximum" or "any sentence which constitutes an upward departure or variance from the advisory guideline range." He also reserved the right to file a claim of ineffective assistance of counsel in a direct appeal or in a motion filed under 28 U.S.C. § 2255. Finally, the Plea Agreement contained a provision stating that "[i]f the defendant receives a

2

sentence within or below the advisory guidelines range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a 'Notice of Non [sic]-Appeal' following sentencing, signed by the defendant."

Lacey's Presentence Report (PSR) calculated a United States Sentencing Guidelines range of 130 to 160 months' imprisonment for the conspiracy and wire fraud counts, followed by 24 months of imprisonment for the aggravated-identify-theft count. Neither the government nor Lacey had any objections to the PSR. The district court sentenced Lacey to a total of 106 months' imprisonment. After imposing sentence, the court explained to Lacey his appellate rights, and Lacey confirmed that he understood those rights. Lacey and his attorney thereafter signed and filed a "Notice of No Appeal." That Notice states, among other things, that the court had advised Lacey of his appellate rights and that Lacey had consulted with his attorney about filing an appeal. It also states that Lacey's attorney explained the advantages and disadvantages of filing an appeal and that Lacey's decision to not appeal was "both knowing and voluntary."

Lacey subsequently filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. He argued, among other things, that he was denied the effective assistance of counsel because his attorney failed to file a Notice of Appeal. Lacey later supplemented his § 2255 motion, alleging that he "told [his] counselor that he wished to appeal his sentence," but that his attorney

failed to file.  Specifically, Lacey wanted to appeal the district court's decision to not give him a credit for the time that he had served in a county jail.  Lacey contended that his attorney told him "that he [the attorney] would see that it gets taken care of and asked [Lacey] to sign a form."  According to Lacey's supplement to his motion, he thought this form was a Notice of Appeal.

The magistrate judge issued a Report and Recommendation, determining that Lacey's § 2255 claim should be denied because Lacey had signed and filed the Notice of No Appeal form.  Thereafter, the district court adopted the Report and Recommendation and denied Lacey's § 2255 motion without holding an evidentiary hearing.  Lacey appealed, and this court issued a Certificate of Appealability on the issue of whether the court erred in not holding a hearing before denying Lacey's motion.

## II.    STANDARD OF REVIEW

This court reviews a district court's denial of an evidentiary hearing on a § 2255 motion under the abuse-of-discretion standard.  *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002) ("Other circuits have applied the abuse of discretion standard to denials of § 2255 evidentiary hearings . . . and we believe that is the correct standard.").  "A district court abuses its discretion 'if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact

4

that are clearly erroneous.'" *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010)).

## III.   DISCUSSION

If a prisoner who files a motion under 28 U.S.C. § 2255 "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Aron*, 291 F.3d at 715 (quoting *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir. 1989)).  But "the district court is not required to grant an evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence." *Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015).

The Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), announced the standard for criminal defendants claiming ineffective assistance of counsel.   "First, the defendant must show that counsel's performance was deficient." *Id.* at 687.  Counsel's performance is deficient when it "[falls] below an objective standard of reasonableness." *Id.* at 688.  "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687.  The Court in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), applied that test to claims that counsel was ineffective for failing to file a notice of appeal.  "[A] lawyer who

5

disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice . . . . [F]iling a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Id.*

The government argues on appeal that Lacey was not prejudiced by his attorney's alleged deficient performance because Lacey waived his appellate rights when he knowingly and voluntarily entered into the Plea Agreement and signed the Notice of No Appeal. We find the government's argument persuasive. Pursuant to the Plea Agreement, Lacey waived his right to appeal unless his sentence exceeded the statutory maximum or constituted an upward departure or variance from the advisory guidelines range. Lacey's sentence was actually below the guidelines range, so neither of those exceptions apply. His right to appeal was therefore waived under the Plea Agreement. Accordingly, even if Lacey's counsel was deficient because he failed to adhere to Lacey's request to file a Notice of Appeal, we conclude that Lacey was not prejudiced by this alleged deficiency. The district court therefore did not abuse its discretion when it denied Lacey's motion without conducting an evidentiary hearing.

6

## IV.　CONCLUSION

The judgment of the district court is accordingly **AFFIRMED**.