[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13006
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00219-CV-HLM-4

EDWARD L. ROACH,

Petitioner-Appellant,

versus

STEVE ROBERTS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 20, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Edward Leo Roach, a Georgia state prisoner proceeding *pro se*, appeals the

district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief.

The district court found that the state habeas court's adjudication of Roach's

ineffective assistance of counsel claim was neither based on an unreasonable

determination of fact, nor based on an unreasonable application of federal law.  We

granted a certificate of appealability on the following issue only:

> Whether the district court erred in denying the following ineffective assistance of counsel claim: that counsel was ineffective for misadvising Roach that he would be eligible for parole if he pled guilty.

The Supreme Court has held that "the two-part *Strickland v. Washington* test

applies to challenges to guilty pleas based on ineffective assistance of counsel."

*Holmes v. United States*, 876 F.2d 1545, 1551 (11th Cir. 1989) (citing *Hill v.*

*Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985)).  "To satisfy this test,

petitioner must show not only that counsel's representations fell below an objective

standard of reasonableness, but also that he was prejudiced by counsel's

unprofessional errors."  *Id.* (citing *Strickland v. Washington*, 466 U.S. 688, 694,

104 S. Ct. 2052, 2068 (1984)).  In order to satisfy the "prejudice" requirement in

the context of a guilty plea, "the defendant must show that there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and

would have insisted on going to trial."  *Hill*, 474 U.S. at 59, 106 S. Ct. at 370.  The

petitioner has the burden of establishing that he was prejudiced by his lawyer's

2

deficient performance. *Strickland*, 466 U.S. at 696, 104 S. Ct. at 2069. A reviewing court need not address the performance prong of the test if the defendant cannot meet the prejudice prong, or vice-versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

Because Roach is appearing *pro se*, we liberally construe his pleadings. *See United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). On appeal, Roach argues that the evidence presented to the state court showed that the only reason he accepted a guilty plea was based on his expectation that he would be eligible for parole, when in fact he was statutorily ineligible for parole as a serious violent offender under O.C.G.A. § 17-10-6.1. The state habeas court concluded that, although Roach sufficiently established that his attorney's performance fell below an objective standard of reasonableness, he failed to satisfy his burden of showing that his decision to plead guilty was based solely on the state's decision to drop a "no parole" stipulation from the plea deal. Therefore, he failed to satisfy the prejudice prong of the *Strickland* test. Roach argues that this finding was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).[1] Accordingly, he contends that

_____

[1] Under the AEDPA, we may only grant an application for a writ of habeas corpus if the adjudication of the claim in state court either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

3

he was prejudiced by his counsel's misrepresentation regarding parole because had he known about § 17-10-6.1 he would have insisted on proceeding to trial. In sum, Roach argues that the erroneous advice by his attorney constitutes ineffective assistance of counsel which warrants this court to set aside the plea and sentence.

We disagree. Roach did not make the requisite showing before the state habeas court of a reasonable probability that, but for his lawyers' errors, he would have rejected the plea deal and insisted on proceeding to trial. Furthermore, he has not satisfied his heavy burden under the AEDPA to show that the state court's decision amounted to an unreasonable determination of the facts presented at the state habeas hearing.

When reviewing the district court's denial of a habeas petition, we review *de novo* questions of law and mixed questions of law and fact, and findings of fact for clear error. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000). Habeas petitions based on ineffective assistance of counsel present "a mixed question of fact and law requiring application of legal principles to the historical facts of the case." *Coulter v. Herring*, 60 F.3d 1499, 1503 (11th Cir. 1995) (internal quotation and citation omitted). Thus, although the state court's findings of historical fact underlying an ineffective assistance of counsel claim are entitled to a presumption

proceeding. 28 U.S.C. § 2254(d).

4

of correctness, the court's conclusion on the claim itself is not. *Id.*

Viewing the record as a whole, there is ample evidence that illustrates the reasonableness of the state habeas court's findings. First, although Roach argued in his colloquy with the state habeas court that the "no parole" stipulation was the determinative factor in his decision to accept the plea deal, he did not testify to that effect or elicit any testimony in support of this position from his trial counsel. We have stated that a petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*. *United States v. Campbell*, 778 F.2d 764, 768 (11th Cir. 1985).

Second, the transcript of the plea colloquy does not contain any evidence that the initial plea deal Roach rejected contained a "no parole" stipulation or that a new stipulation of parole eligibility influenced his final decision to enter his guilty plea. Even accepting as true Roach's statements in his state habeas hearing that his attorney used his parole eligibility to persuade him to accept the modified plea deal, the record as a whole casts significant doubt on the centrality of parole eligibility to Roach's final decision to plea. The transcript reflects that Roach wavered significantly on whether or not to accept a plea deal throughout negotiations with his counsel and the state. It appears that he rejected the terms of the initial plea deal due to the stipulation that he would not have the right to appeal.

5

Neither the state nor the court made any mention of Roach's parole eligibility or ineligibility at this time. Moreover, the transcript demonstrates that other factors influenced his ultimate decision to plea as well. Roach expressed ambivalence about proceeding to trial due to concern over his attorney's preparedness and momentarily rescinded his agreement to the modified plea deal when he was required to admit guilt to certain acts of molestation. Significantly, when Roach finally acquiesced to the plea deal, he stated: "I want this over with. I can't take it no more. I'm going to have a heart attack over this, they saying I did this and that. I'm guilty of this, please just do it please."

Finally, Roach correctly points out that he only agreed to accept a plea deal in which he retained his right to parole. However, that plea deal departed from the initial offer in another significant way: Roach only pled guilty to 5 counts, where previously he was prepared to plead guilty to all 22 counts.

In sum, although the parole eligibility stipulation was part of the modified plea deal's terms, there is no evidence in the record, other than Roach's own assertion in argument (not in testimony), that without this provision he would have proceeded to trial. We conclude that the state habeas court's determination of facts was based on a reasonable interpretation of the evidence presented during those proceedings. 28 U.S.C. § 2254(d)(2). Accordingly, Roach failed to meet his

6

burden under *Strickland* of establishing prejudice, and the state court decision was not contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). Because Roach failed to establish the prejudice prong, we need not address the performance prong of the *Strickland* test. *See Holladay*, 209 F.3d at 1248. The district court correctly denied Roach's petition and we affirm.

**AFFIRMED.**