[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-10502

Non-Argument Calendar

————————————————

DANIEL ANGEL RODRIGUEZ,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22058-CMA

————————————————

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Daniel Rodriguez appeals the denial of his motion to vacate his sentence under 28 U.S.C. § 2255. He asserts his trial counsel provided ineffective assistance by advising him that, even after pleading guilty in an unconditional guilty plea, he would be able to appeal the trial court's decisions on his pretrial motions. Rodriguez contends but for that advice, he would not have pled guilty. Rodriguez was granted a certificate of appealability on the following issue:

> Whether the district court erred in denying Rodriguez's claim that his counsel was ineffective for advising him that his guilty plea would not waive his right to appeal his pretrial motions.

After review,[1] we vacate and remand for the district court to hold an evidentiary hearing on this claim.

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate . . . the sentence." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case

---

[1] We review claims of ineffective assistance of counsel *de novo* as a mixed question of law and fact. *Jones v. United States*, 224 F.3d 1251, 1256–57 (11th Cir. 2000).

conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ." *Id.* § 2255(b). An evidentiary hearing must be held "if the petitioner alleges facts that, if true, would entitle him to relief" unless his claims are "patently frivolous," "unsupported generalizations," or "affirmatively contradicted by the record." *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002) (quotation omitted); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quotation omitted).

An ineffective assistance of counsel claim has two elements: (1) deficient performance; and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Generally, prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In the context of a guilty plea, the Supreme Court has held "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *Post hoc* assertions that a defendant would not have pled guilty but for the attorney's deficient advice are generally not sufficient and courts should instead "look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). The likelihood of success on the merits following

maintenance of a not guilty plea is not determinative, so long as the chance is truly central to the defendant's decision making. *See id.* at 368–71. "[A] voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Patti,* 337 F.3d 1317, 1320 (11th Cir. 2003). This includes recusal and suppression issues. *Id.* at 1322; *United States v. McCoy,* 477 F.2d 550, 551 (5th Cir. 1973).[2]

The district court erred in denying Rodriguez's motion without holding an evidentiary hearing. The district court applied an incorrect legal analysis on the prejudice prong of the ineffective assistance inquiry. The district court analyzed prejudice as whether Rodriguez's claims would have been successful on appeal if not unknowingly waived by his guilty plea. Instead of asking whether, without the attorney's deficient advice, "there is a reasonable probability that . . . [Rodriguez] would not have pleaded guilty and would have insisted on going to trial," the district court instead inquired whether Rodriguez would have succeeded on appeal in the absence of waiving the recusal issue with his guilty plea. *See Hill,* 474 U.S. at 59. The Supreme Court has held the low likelihood of success on the merits does not prevent a defendant from showing prejudice, so long as the chance of success is genuinely central to their decision whether to plead guilty. *See Lee,* 582 U.S. at 368-71.

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

As such, the low chance of Rodriguez's success on appeal without the waiver is not dispositive of the prejudice inquiry. *See id.*

The correct inquiry was whether Rodriguez would not have pled guilty and instead insisted on going to trial had his counsel correctly advised him. Under this analysis, Rodriguez "allege[d] facts that, if true, would entitle him to relief" and his claims were not "patently frivolous," "unsupported generalizations," or "affirmatively contradicted by the record." *See Aron*, 291 F.3d at 714-15; *Holmes*, 876 F.2d at 1553. First, Rodriguez alleged and provided supporting evidence in an affidavit by his trial counsel, Ana Davide, that she gave him incorrect advice that he "would be able to appeal all the issues regarding his case, including all pretrial motions." *See Patti*, 337 F.3d at 1320, 1322; *McCoy*, 477 F.2d at 551. This was defective performance. *See Strickland*, 466 U.S. at 687.

Second, liberally construing Rodriguez's *pro se* initial § 2255 motion, he alleged he would not have pled guilty but for Davide's erroneous advice regarding the appealability of his pretrial motions. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This is an allegation of prejudice, and can be considered sworn, as can all the supporting documents attached to Rodriguez's motion. *See Strickland*, 466 U.S. at 687; *Hill*, 474 U.S. at 59; *United States v. One Olivetti Elec. 10-Key Adding Mach.*, 406 F.2d 1167, 1168 (5th Cir. 1969) (stating unsworn statements by the same person incorporated by reference into sworn affidavits and complaints

are considered sworn). While it is a *post hoc* assertion and insufficient, by itself, to carry Rodriguez's burden, it is supported by the facts that: (1) he pled guilty without a plea agreement and without receiving any beneficial dismissals; (2) the specificity of Davide's advice has at least some tendency to show Rodriguez was concerned with being able to appeal his pretrial issues; (3) he raised the issues in motions in the district court; (4) he raised these issues, among others, on his direct appeal; and (5) he stated, admittedly *post hoc*, that the recusal issue was significant in the firing of his trial counsel and his request to proceed *pro se*.

Nor does other evidence defeat his claim. The trial court did not inform him that he had waived these issues. While the record contains ample evidence of other considerations which impacted his decision to plead guilty, none "affirmatively contradict[s]" his claim that the advice about his ability to raise pretrial motions on appeal was a but for cause of his guilty plea. Thus, the district court erred in denying Rodriguez's § 2255 motion without holding an evidentiary hearing. 28 U.S.C. § 2255(b); *Aron*, 291 F.3d at 714-15; *Holmes*, 876 F.2d at 1553. Accordingly, we vacate and remand for the district court to hold an evidentiary hearing on whether Rodriguez's counsel was ineffective for advising him that his guilty plea would not waive his right to appeal his pretrial motions.

**VACATED AND REMANDED.**