[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 22-12117

————————————

SARAH RITCHIE,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:20-cv-01830-RBD-LHP,
6:19-cr-00092-RBD-LHP-1

————————————

Before ROSENBAUM, NEWSOM, and ABUDU, Circuit Judges.

NEWSOM, Circuit Judge:

Federal prisoner Sarah Ritchie appeals the district court's denial of her motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Ritchie, who pleaded guilty to aiding and abetting the production of child pornography in violation of 18 U.S.C. § 2251(a) and (e), argues that her trial lawyer rendered ineffective assistance of counsel when he failed to advise her that, should the law develop in a particular way, the facts of her case might not support a conviction. After careful review of the parties' arguments, and with the benefit of oral argument, we hold that Ritchie's lawyer was not constitutionally ineffective. Accordingly, we will affirm the district court's denial of Ritchie's motion.

**I**

In March 2019, Ritchie notified the police that one of her three daughters had told her that her husband, Justin Ritchie, had recorded himself molesting the girl. During interviews with police, Ritchie revealed that a year earlier, Justin had told her that he viewed child pornography. She also admitted that Justin had sent her images of naked children, including images of an acquaintance's six-year-old daughter. Ritchie further informed the police that she had read stories that Justin had sent her about adults having sex with children and that she had listened to a recording of Justin and his mistress fantasizing about a sexual encounter with one of the Ritchies' daughters.

Authorities searched Justin's cellphone and discovered that he had sent Ritchie thirteen images of child pornography, including several of children she recognized. In a text exchange, Ritchie had told Justin that the photos didn't bother her and that she liked looking at them with him. More specifically, in the texts, Justin had admitted to Ritchie that he was sexually aroused by images of her breastfeeding their infant daughter and asked her to send him some. Particularly relevant here, videos found on Ritchie's phone depicted her and Justin having sex while their daughter was lying on Ritchie with the child's mouth on or near Ritchie's breast. One video showed Ritchie masturbating and Justin performing oral sex on her while Ritchie apparently breastfed the girl. In the video, Justin periodically focused the camera on their daughter. In another text from Justin to Ritchie, he had said that he found a "naughty" video of her and attached a picture of Ritchie lying on a bed masturbating with their daughter on her stomach facing Ritchie's breast. Ritchie had agreed that it was "naughty," and Justin replied that it had aroused him and sent her a picture of his erect penis.

Ritchie was indicted on two counts: (1) receiving images of child pornography, in violation of 28 U.S.C. § 2252A; and (2) aiding and abetting the "use[]" of a minor "to engage in" or "assist any other person to engage in" any "sexually explicit conduct for the purpose of producing a visual depiction of such conduct," in violation of 18 U.S.C. § 2251(a) and (e). With the advice of counsel, Ritchie entered a negotiated guilty plea on Count Two. In return,

the government agreed to dismiss Count One and request a downward departure from Ritchie's sentencing-guidelines range.

At her change-of-plea hearing, a magistrate judge reviewed with Ritchie her indictment, the charge to which she was pleading guilty, the elements of her offense, and her understanding of the plea agreement. During the hearing, Ritchie admitted (1) that she and Justin had "use[d]" their daughter to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, (2) that her daughter was under 18 years of age, and (3) that Justin had used his phone to record the conduct. The magistrate judge found that the facts Ritchie admitted during the hearing and the factual basis of her plea agreement established the essential elements of a § 2251(a)/(e) offense, that her plea was knowing, voluntary, and intelligent, and that she had competent counsel with whom she was satisfied. On the basis of the magistrate judge's findings, the district court accepted Ritchie's guilty plea. After taking testimony from Ritchie and an FBI agent, the district court dismissed Count One pursuant to the plea agreement and, on Count Two, sentenced Ritchie to 180 months' imprisonment—the statutory minimum—followed by 10 years of supervised release.

In 2020, Ritchie timely filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. Ritchie alleged that her trial counsel had rendered ineffective assistance by failing to advise her that the facts of her case might not support a § 2251(a)/(e) conviction, telling her that she had no defense to her aiding-and-abetting charge, and failing to investigate whether she had any such

defense.  In particular, Ritchie asserted that her counsel should have advised her that the videos underlying her conviction depicted conduct outside § 2251(a)'s scope because they showed, at most, that she and Justin had engaged in sexually explicit behavior in the presence of a child, not that they had "use[d]" the child within the meaning of the statute.  Ritchie said that, but for her lawyer's failure, she wouldn't have pleaded guilty and would instead have pursued other options, including going to trial.  The district court concluded that Ritchie's lawyer's failure to advise her on a "novel and unsettled point of law"—namely, whether her conduct amounted to prohibited "use[]" of a child—didn't amount to deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984), and denied her motion.  The court also denied Ritchie's request for an evidentiary hearing.

This is Ritchie's appeal.

## II

### A

A prisoner in federal custody may move to vacate, set aside, or correct her sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  When reviewing a district court's denial of a motion to vacate, we review questions of law de novo and findings of fact for clear error.  *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009).  An ineffective-assistance-of-counsel claim presents a mixed question of law and fact that we review de novo. *Gordon v. United States*, 518 F.3d 1291, 1296 (11th Cir. 2008).

As interpreted by the Supreme Court, the Sixth Amendment gives criminal defendants the right to effective assistance of counsel. *See* U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish a claim of ineffective assistance of counsel, a defendant must show (1) that her attorney's performance was deficient and (2) that the attorney's deficient performance prejudiced her defense. *Strickland*, 466 U.S. at 687. This two-part test extends to the plea process. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Courts needn't address both prongs of the *Strickland* test if the defendant's claim fails under one of them. *Strickland*, 466 U.S. at 697.

Demonstrating deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. We presume that an attorney acted reasonably, and the defendant bears the burden of proving that her attorney's representation was "patently unreasonable." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). To make that showing, the defendant "must establish that no competent counsel would have taken the action that [her] counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc).

Importantly here, we have held that the Sixth Amendment does *not* require a lawyer to "make arguments based on predictions of how the law may develop." *Rambaran v. Sec'y, Dep't of Corr.*, 821 F.3d 1325, 1334 (11th Cir. 2016) (citation omitted). Indeed, we have repeatedly emphasized that an attorney's failure to anticipate a

change in the law doesn't constitute ineffective assistance. *See, e.g.*, *Spaziano v. Singletary,* 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." (quotation marks omitted and alteration adopted)); *Davis v. Singletary,* 119 F.3d 1471, 1476 (11th Cir. 1997) (holding that "it was not professionally deficient for [counsel] to fail to anticipate that the law in Florida would be changed in the future"); *Thompson v. Wainwright,* 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) ("[D]efendants are not entitled to an attorney capable of foreseeing the future development of constitutional law.").

**B**

Here, Ritchie argues that her lawyer was constitutionally ineffective because he failed to advise her that her conduct arguably fell outside the scope of the statute on which her guilty plea was predicated. Again, Ritchie pleaded guilty to violating 18 U.S.C. § 2251(a) and (e). In relevant part, § 2251(a) provides as follows:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e) . . . .

"Sexually explicit conduct" includes sexual intercourse, masturbation, and "lascivious exhibition of the . . . genitals, or pubic area of any person." 18 U.S.C. § 2256(2).

Ritchie argues that the videos at issue don't satisfy § 2251(a)'s "use[]" requirement because they don't depict her daughter "either actively or passively engaged in sexually explicit conduct." Br. of Appellant at 17. Rather, Ritchie insists that in the videos her daughter is fully clothed and unaware of the sexual activity that was occurring around her and in which only Ritchie and Justin were engaged. Ritchie contends that a visual depiction of breastfeeding is not itself sexually explicit and that the sexual activity captured in the videos merely occurred in the presence of her daughter, which she insists at least arguably falls outside § 2251(a)'s scope. In support of her reading of the statute, Ritchie primarily relies on the Seventh Circuit's decision in *United States v. Howard*, which held that in order to have been "use[d]" within the meaning of § 2251(a), a child must have actually engaged in sexually explicit conduct, *see* 968 F.3d 717 (7th Cir. 2020)—but which, importantly, was decided only *after* Ritchie entered her plea. Ritchie also cites a few other cases interpreting § 2251(a) that, while not on point, she says should have informed her lawyer that it was "arguable" that her conduct fell outside § 2251(a)'s ambit on the ground that "the videos depicted herself, but not [her daughter], engaged in sexually explicit conduct." Br. of Appellant at 23–24. Ritchie thus maintains that her lawyer's failure to advise her that the facts of her case might not support a conviction under § 2251(a) and (e) establishes

22-12117                 Opinion of the Court                 9

that he was constitutionally ineffective and that but for this error, she would have proceeded to trial.

We are not persuaded.  At the time of Ritchie's plea, we hadn't yet decided whether a minor's passive presence in sexually explicit videos falls within the meaning of the term "use[]" in § 2251(a).[1]  Nor, for that matter, are we aware of any on-point decision, of any court, that had interpreted § 2251(a) the way Ritchie advocates and the Seventh Circuit later read it.  Significantly, however, before Ritchie entered her plea, both the Third and Eighth Circuits had held that the term "use[]" in § 2251(a) covers the circumstance in which a minor is not actively engaged but is present as the "object" of another's sexually explicit conduct.  *See United States v. Finley*, 726 F.3d 483, 495 (3rd Cir. 2013); *United States v. Lohse*, 797 F.3d 515, 522 (8th Cir. 2015).

Given the state of the law as it existed when Ritchie entered her plea—two circuits against her, and no on-point decisions in her favor—we agree with the district court's conclusion that "[t]hen existing-precedent . . . did not suggest that the facts of [Ritchie's] case were legally insufficient to support a conviction under § 2251(a)."  Doc. 9 at 12.  And given that legal landscape, Ritchie's counsel would have had to predict how this Court might—someday—interpret the word "use" in that statute.  But to repeat, "we have held many times that reasonably effective representation

---

[1] As it turns out, since Ritchie's plea agreement, we have held that "use[]" *does* cover those circumstances in which the child is unaware of the sexually explicit conduct.  *United States v. Dawson*, 64 F.4th 1227 (11th Cir. 2023).

cannot and does not include a requirement to make arguments based on predictions of how the law may develop." *Rambaran*, 821 F.3d at 1334 (alterations adopted and citation omitted). Ritchie certainly can't "establish that no competent counsel would have taken the action that [her] counsel" took in advising her as he did. *Chandler*, 218 F.3d at 1315. In particular, given the unsettled state of the then-existing law, it was not unreasonable of Ritchie's lawyer to advise her to take the government's plea offer rather than proceed to trial. Had Ritchie not accepted the plea, in which the government dropped one charge against her and requested the statutory minimum at sentencing, she would have faced trial on two counts and 50 years in prison, rather than the 15 to which she was ultimately sentenced.

For all these reasons, we conclude that Ritchie's lawyer's performance was not constitutionally deficient. Having so held, we needn't reach *Strickland*'s prejudice inquiry.[2]

**AFFIRMED.**

---

[2] Ritchie also argues that the district court abused its discretion by failing to hold an evidentiary hearing on her § 2255 motion. Federal law provides that a district court shall hold a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because Ritchie's ineffective-assistance claim "conclusively" fails as a matter of law, the district court was within its discretion in declining to hold a hearing.