[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14004

Non-Argument Calendar

_____

TODD JOSEPH SIMMERMAN,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00905-RBD-DCI

_____

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Todd Simmerman, a federal prisoner, appeals the district court's denial of his motion to vacate, set aside, or correct his 720-month sentence on "the ground that the sentence was imposed in violation of the Constitution . . . of the United States." 28 U.S.C. § 2255(a). Simmerman claims that his trial counsel provided unconstitutionally ineffective assistance by failing to advise him of his possible sentencing exposure before he pleaded guilty. After careful review, we affirm the district court's denial of Simmerman's motion and find that the court did not abuse its discretion by declining to hold an evidentiary hearing.

## I.

Simmerman originally faced a seven-count indictment charging him with enticement of a minor to engage in sexual activity, 18 U.S.C. § 2422(b) (Count One); three counts of sexual exploitation of a minor, 18 U.S.C. § 2251(a) and (e) (Counts Two, Three & Four); distribution of child pornography, 18 U.S.C. § 2252A(a)(2)(A), (b)(2) (Count Five); possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count Six); and commission of a felony involving a minor while being required to registered as a sex offender, 18 U.S.C. § 2260A (Count Seven). Count One was punishable by life in prison. *See* 18 U.S.C. § 2422(b).

Simmerman accepted a written plea agreement and pleaded guilty to Counts Three, Four, and Seven. The agreement stated,

"Counts Three and Four are each punishable by a mandatory minimum term of imprisonment of 15 years up to 30 years," and "Count Seven is punishable by a mandatory minimum term of imprisonment of 10 years, to be served consecutive to the sentence[s] imposed on Counts Three and Four." In exchange, the government agreed to dismiss the remaining charges and recommend a sentence reduction for acceptance of responsibility.

At Simmerman's change-of-plea hearing, the magistrate judge reminded Simmerman of the mandatory sentencing range for each charge but did not explicitly state that the sentences on Counts Three and Four could be imposed consecutively. In the agreement and at his hearing, Simmerman affirmed that he understood the possible penalties for his offenses and that he was satisfied with the representation and advice provided by his attorney.

Based on the offense level and Simmerman's criminal history, the Presentence Investigation Report (PSI) calculated a guideline imprisonment range of 360 months to life. But the thirty-year statutory maximum for Counts Three and Four limited Simmerman's maximum sentence for both counts to sixty years (720 months). The PSI also noted the mandatory ten years for Count Seven "must be imposed consecutively to any other counts." Simmerman did not object to these calculations.

The district court adopted the PSI and sentenced Simmerman to 720 months' imprisonment: 300 months each for Counts Three and Four and 120 months for Count Seven, all to be served consecutively. This court affirmed Simmerman's convictions and

sentences and granted counsel's motion to withdraw. *United States v. Simmerman*, 838 F. App'x 510, 511 (11th Cir. 2021) (per curiam).

Simmerman then filed his § 2255 motion through different counsel. He claimed that trial counsel rendered ineffective assistance by failing to tell him that the sentences for Counts Three and Four could be imposed consecutively. The district court denied the motion and Simmerman's accompanying request for an evidentiary hearing. This appeal followed.

## II.

"When reviewing a district court's denial of a motion to vacate, we review questions of law de novo and findings of fact for clear error." *Ritchie v. United States*, 112 F.4th 1344, 1347 (11th Cir. 2024). "An ineffective-assistance-of-counsel claim presents a mixed question of law and fact that we review de novo." *Id.*

We review a district court's denial of an evidentiary hearing in a § 2225 proceeding for abuse of discretion. *Martin v. United States*, 949 F.3d 662, 670 (11th Cir. 2020).

## III.

The Sixth Amendment entitles all defendants facing felony charges to the "effective assistance of competent counsel." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (quotation marks omitted). "To demonstrate that counsel was constitutionally ineffective, a defendant must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result."

*Lee v. United States*, 582 U.S. 357, 363 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984)).

The right to effective counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). When "a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial," he "can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee*, 582 U.S. at 364–65. To do so, the defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

The prejudice inquiry assesses both "likelihood of success at trial," and "the respective consequences of a conviction after trial and by plea." *Lee*, 582 U.S. at 367. A "defendant's own conclusory after-the-fact assertion that he would have accepted a guilty plea, without more," is not enough to show prejudice. *See United States v. Smith*, 983 F.3d 1213, 1222 (11th Cir. 2020) (quotation marks omitted). We must "look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 582 U.S. at 369.

Here, even if Simmerman's counsel failed to explicitly tell him that the maximum thirty-year sentences for Counts Three and Four might be imposed consecutively, and even assuming this could overcome the "strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance," *Osley v. United States*, 751 F.3d 1214, 1227–28 (11th Cir. 2014), Simmerman

fails to show prejudice. He has not established a reasonable probability that, but for this error, he would have insisted on going to trial.

First, Simmerman "had ample opportunity to be aware of the[] consequences" of his plea agreement, so his ineffectiveness claim is "without merit." *See Harris v. United States*, 769 F.2d 718, 721 (11th Cir. 1985) (per curiam). Before he decided to plead guilty to Counts Three and Four, both the plea agreement and the district court at the change-of-plea hearing told him that "*each*" Count was punishable by a term of fifteen to thirty years. The court explained that the sentencing court could impose a sentence "up to the maximum allowed by law." Simmerman confirmed that he read and understood his entire plea agreement, including the consequences of pleading guilty, by signing the plea agreement and testifying under oath at his change-of-plea hearing. There is a "strong presumption" that these statements are true. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.1994).

After pleading guilty, the PSI also informed Simmerman that Counts Three and Four could be imposed consecutively. The PSI originally calculated Simmerman's guideline imprisonment range for Counts Three and Four as 360 months to life. But it explained that, because the statute allows a maximum term of thirty years, the top of the range would be reduced to sixty years (720 months). Simmerman did not object to these calculations, even though he objected to other parts of the report. Simmerman does not contest evidence that he reviewed his PSI before sentencing, nor explain

why he did not attempt to withdraw from his plea agreement or question his maximum sentencing exposure.

Second, while Simmerman submitted a sworn statement that he would have proceeded to trial had he known that his sentences on Counts Three and Four could run consecutively, he has not presented objective evidence to support this "after-the-fact" assertion. *See Smith*, 983 F.3d at 1222. Nor has he convinced us that the decision to proceed to trial would have been rational, *see Padilla*, 559 U.S. at 372, based on either his "likelihood of success at trial" or "the respective consequences of a conviction after trial and by plea." *Lee*, 582 U.S. at 367.

Simmerman does not claim that he had "even the smallest chance of success at trial," *see id.*, absent his counsel's errors. The district court observed that the case against Simmerman was "overwhelming," and his conviction on all seven charges was "all but guaranteed," based on the evidence against him and his status as a repeat sex offender. By pleading guilty to Counts Three, Four, and Seven, the government agreed to drop the remaining four counts, and Simmerman no longer risked a life sentence.

But Simmerman maintains that he still would have chosen to go to trial because the consequences of a conviction after trial and by plea were "similarly dire." Simmerman, who was thirty years old at the time of sentencing, argues that the possible seventy-year sentence he faced by accepting the plea was "tantamount to any sentence [he] could have received at trial." But nothing required Counts Three and Four to be imposed consecutively. And in

exchange for Simmerman's guilty plea, the government agreed to recommend a sentencing reduction for acceptance of responsibility and offered another reduction if Simmerman agreed to cooperate with investigators. Because Simmerman cannot show prejudice, his claim fails—regardless of whether counsel was effective or not.

Finally, the district court did not abuse its discretion in declining to hold an evidentiary hearing. The district court was "not required" to grant Simmerman an evidentiary hearing because "the § 2255 motion 'and the files and records of the case conclusively show that [Simmerman] is entitled to no relief.'" *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (quoting 28 U.S.C. § 2255(b)). And Simmerman did not "allege[] facts that, if true, would entitle him to relief." *Martin*, 949 F.3d at 670.

## IV.

The district court's denial of Simmerman's § 2255 motion and evidentiary hearing is **AFFIRMED.**