**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10001
_____

CECIL DANTE BUCKNER,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket Nos. 6:21-cv-01824-RBD-DCI,
6:16-cr-00081-RBD-DCI-1

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ABUDU, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether counsel provided ineffective assistance when he failed to object to a defendant's

career-offender classification at sentencing. Cecil Buckner is a federal prisoner convicted of Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and brandishing a firearm during a crime of violence. He appeals the denial of his motion to vacate his sentence. *See* 28 U.S.C. § 2255. At sentencing, the district court varied below the career-offender range of 535 to 572 months and sentenced Buckner to 414 months of imprisonment, including a statutory mandatory term of 384 months. Without his classification as a career offender, Buckner's guideline range would have been 504 to 534 months of imprisonment. Because counsel's performance, even if deficient, did not prejudice Buckner, we affirm.

## I. BACKGROUND

In 2016, Cecil Buckner was charged with Hobbs Act conspiracy and two counts of Hobbs Act robbery and two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence. *See* 18 U.S.C. §§ 1951(a), 924(c). Buckner entered into a plea agreement and pleaded guilty to each count. The presentence investigation report classified Buckner as a career offender because "[o]ne of the offenses of conviction [was] a controlled substance offense" and Buckner had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." *See* United States Sentencing Guidelines § 4B1.1(a) (Nov. 2016). The presentence investigation report combined the statutory minimum sentences for Buckner's convictions under section 924(c) for a total of 384 months. It then calculated a career-offender range of 535 to 572 months' imprisonment based on an offense level of 32. Without the career-offender classification,

Buckner's guideline range would have been 504 to 534 months based on an offense level of 29. *See* U.S.S.G. § 5A.

At Buckner's sentencing, no party objected to the presentence investigation report. The district court adopted the presentence investigation report as its findings of fact and imposed a prison sentence of 414 months. It varied downward by 121 months because "the aggregate sentence including the 384 months which was statutorily obligated to be imposed resulted in essentially a life sentence which was greater than necessary to accomplish the statutory purposes of sentencing." It stated that a "severe" sentence was still appropriate because the crime was violent and involved a gun. This Court affirmed. *See United States v. Buckner*, 808 F. App'x 755 (11th Cir. Mar. 31, 2020).

In November 2021, Buckner moved to vacate his sentence on the ground that his trial counsel rendered ineffective assistance by failing to object to his career-offender classification. *See* 28 U.S.C. § 2255. The district court determined that the presentence investigation report erroneously classified Buckner's Hobbs Act robbery offenses as controlled-substance offenses. But it denied the motion because "binding precedent did not foreclose the use of Hobbs Act robbery as a predicate crime of violence" at the time of sentencing, so "the scrivener's error did not alter the fact [that Buckner] had the requisite convictions necessary for the enhancement." The district court concluded that counsel was not ineffective for failing to predict our ruling in *United States v. Eason* that "Hobbs Act robbery does not qualify as a crime of violence under"

the 2016 version of section 4B1.2(a). 953 F.3d 1184, 1195 (11th Cir. 2020). And the district court stated that Buckner did not establish prejudice because "even if counsel had objected, the objection would have been overruled given that [Buckner] qualified for treatment as a career offender under [section] 4B1.1." The district court denied a certificate of appealability. We granted a certificate of appealability on the issue whether counsel was ineffective.

## II. STANDARDS OF REVIEW

When reviewing the denial of a motion to vacate, we review questions of law *de novo* and findings of fact for clear error. *Ritchie v. United States*, 112 F.4th 1344, 1347 (11th Cir. 2024). Ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*. *Id.*

## III. DISCUSSION

Buckner argues that his counsel was ineffective for failing to object to his career-offender classification at sentencing. To obtain relief, Buckner must establish that counsel's performance was both deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). But "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697.

To establish prejudice, Buckner must prove that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011). "In

most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher Guidelines range has demonstrated a reasonable probability of a different outcome." *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). But the application of an erroneous guideline range may not be dispositive when the district court gives "a detailed explanation of the reasons the selected sentence is appropriate . . . mak[ing] it clear that the judge based the sentence . . . on factors independent of the Guidelines." *Id.*

The record makes clear that the district court sentenced Buckner based on factors independent of his career-offender classification. After calculating a career-offender range of 535 to 572 months, the district court imposed a sentence of 414 months of imprisonment, 384 months of which were statutorily mandated. The district court added 30 months to the statutory-minimum sentence instead of the 151 to 188 additional months provided by the career-offender guideline. The sentence imposed of 414 months was also 90 months below the bottom of the guideline range that would have applied had Buckner *not* been classified as a career offender.

The district court explained that it "imposed a variant sentence because . . . the aggregate sentence . . . resulted in essentially a life sentence which was greater than necessary to accomplish the statutory purposes of sentencing." The district court stated that the sentence imposed was "almost the rest of [Buckner's] natural life" and would "put [Buckner] in the custody of the Bureau of Prisons

until [he is] a relatively old man." But it explained that Buckner was still due a "severe" sentence because when defendants commit a "violent crime" and "brandish [a] gun and use that gun to intimidate and to force compliance," the "message that needs to be sent" is that "you're going to prison for a long, long time." Because the district court arrived at Buckner's sentence by balancing his life expectancy with the "terror" and "fear" that he inflicted upon his victims, Buckner has not established a reasonable probability that his sentence would have been different if counsel had objected to his career-offender classification. Buckner was not prejudiced by his counsel's performance, so we do not address whether that performance was deficient.

## IV. CONCLUSION

We **AFFIRM** the denial of Buckner's motion to vacate his sentence.