**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 23-13226

————————————

LONNIE DAWSON,

*Petitioner-Appellant,*

*versus*

MACON SP WARDEN,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-04838-AT

————————————

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

The district court in this habeas corpus case liberally read the petition filed by Lonnie Dawson, who was proceeding pro se, to include a substantive claim that he was incompetent during the direct appeal process. *See* D.E. 26 at 6. The court, however, did not

reach the merits of this claim because it concluded that the claim had been procedurally defaulted, and it denied relief on the other claims presented. *See id.* at 8. The court granted Mr. Dawson a certificate of appealability "with respect to his claim that he was incompetent to appeal and his assertion that the claim cannot be procedurally defaulted." *Id.* at 8–9.

Following oral argument and a review of the record, we conclude that Mr. Dawson's claim of incompetency during the direct appeal process is not subject to procedural default. We do not reach the merits of this incompetency claim and remand for the district court to decide in the first instance whether, including under *Teague v. Lane*, 489 U.S. 288 (1989), there is a constitutional right to be competent during the direct appeal process that Mr. Dawson can assert and receive the benefit of in federal habeas corpus proceedings.[1]

We have held, both before and after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), that procedural default "does not operate to preclude a defendant to stand who failed to request a competency hearing at trial or pursue a claim of incompetency on direct appeal from contesting his competency to stand trial and be sentenced through post-conviction proceedings." *Pardo v. Sec'y, Fla. Dep't of Corr.*, 587 F.3d 1093, 1101 n.3 (11th Cir. 2009) (quoting *Adams v. Wainwright*, 764 F.2d 1356, 1359 (11th Cir. 1985), *abrogated on other grounds as recognized*

---

[1] We thank Mr. Dawson's court-appointed counsel on this appeal, Devin S. Anderson and Mark C. Gillespie of Kirkland & Ellis LLP, for their service.

*in Granda v. United States*, 990 F.3d 1272, 1294 (11th Cir. 2021)). The primary rationale for this rule is that "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." *Adams*, 764 F.2d at 1359 (internal quotation marks and citation omitted).

If there is a constitutional right to be competent during the direct appeal process—an issue we do not decide today—it seems to us that this substantive right is also not subject to procedural default. It would be difficult if not impossible to say that a defendant who is incompetent during his direct appeal process can knowingly and intelligently waive the right to have a court determine his capacity to participate and assist in the appellate proceedings. Thus, Mr. Dawson's claim (as liberally read by the district court and to the extent such a substantive right exists) was not procedurally defaulted.

We vacate the district court's denial of Mr. Dawson's claim of incompetency during the direct appeal process on procedural default grounds and remand for further proceedings as to that claim.[2]

---

[2] For the benefit of the district court and the parties on remand, we note the following cases discussing whether there is a constitutional right to be competent during direct appeal or post-conviction proceedings: *Ryan v. Gonzales*, 568 U.S. 57, 64–70 (2013); *Holmes v. Buss*, 506 F.3d 576, 577–79 (7th Cir. 2007); *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 812–13 (9th Cir. 2003), *abrogated by Ryan*, 568 U.S. at 69–70; *Hill v. Mitchell*, No. 1:98-cv-452, 2013 WL 1345831, at *75–76 (S.D. Ohio 2013), *aff'd in part and rev'd in part on other grounds*, 842 F.3d

4                    Opinion of the Court                    23-13226

**VACATED AND REMANDED.**

---

910 (6th Cir. 2016); *White v. Ryan*, No. CV-08-08139-PCT-SPL, 2015 WL 4173343, at \*19–\*21 (D. Ariz. 2015), *rev'd and remanded*, 895 F.3d 641 (9th Cir. 2018); *People v. Newton*, 394 N.W.2d 463, 466 (Mich. App. 1986), *vacated on other grounds*, 399 N.W.2d 28 (Mich. 1987); *State v. White*, 815 P.2d 869, 878 (Ariz. 1991), *abrogated by State v. Salazar*, 815 P.2d 869 (Ariz. 1991); *People v. Kelly*, 822 P.2d 385, 413 (Cal. 1992).

23-13226                 Jordan, J., Dissenting                 1


JORDAN, Circuit Judge, Dissenting:

I would affirm the denial of habeas relief to Mr. Dawson. First, in my view, the district court should not have recharacterized Mr. Dawson's habeas corpus petition to assert a stand-alone substantive claim of incompetency during the direct appeal process. Second, I believe that Mr. Dawson's asserted ineffective assistance of appellate counsel claim fails on the merits.

Mr. Dawson included an allegation about "insanity" within a claim asserting ineffective assistance of appellate counsel. Assuming that the district court could view Mr. Dawson's reference to insanity to be a reference to incompetency, I don't believe it also should have viewed the petition as including a substantive incompetency claim. At most, based on Mr. Dawson's petition, the court could have re-characterized the claim as one asserting ineffective assistance of appellate counsel for failing to assert that Mr. Dawson was incompetent (rather than insane) during the direct appeal process. *See Clark v. Sweeney*, 146 S.Ct. 410, 412 (2025) ("The Fourth Circuit transgressed the party-presentation principle by granting relief on a claim that Sweeney [the habeas petitioner] never asserted and that the State never had the chance to address."). Courts read pro se filings liberally, but that does not given them "license to serve as *de facto* counsel . . . or to rewrite an otherwise deficient pleading[.]" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

2                      Jordan, J. Dissenting                      23-13226

At the time of Mr. Dawson's direct appeal there were no reported cases—published or unpublished—holding that there is a constitutional right to be competent during the direct appeal process. Indeed, there are no such cases even today. Under our precedent, counsel does not perform deficiently by "fail[ing] to anticipate a change in the law[.]" *Ritchie v. United States*, 112 F. 4th 1344, 1347–48 (11th Cir. 2024). *See also Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) (stating that "reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop") (internal quotation marks omitted). So Mr. Dawson's appellate counsel did not render ineffective assistance by failing to assert an unrecognized right on direct appeal.